Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

NOVEMBER 3, 2011

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR11 0370 RAJ |
| Plaintiff, | |
| v. | INDICTMENT |
| POUTOA TUIOLEMOTU, | |
| Defendant. | |

The Grand Jury charges that:

## COUNT 1
(29 U.S.C. § 501(c) - Embezzlement of Labor Union Assets)

Beginning at a time unknown, but not later than March, 2009, and continuing through April, 2010, in King County, within the Western District of Washington, the defendant, POUTOA TUIOLEMOTU, while an officer (Financial Secretary) of Glass, Molders, Pottery, Plastics, and Allied Workers Local Union 50, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and

INDICTMENT/TUIOLEMOTU - 1

willfully abstract and convert to his own use the moneys, funds, and assets of said labor organization, in the approximate amount of $17,250.51.

All in violation of Title 29, United States Code, Section 501(c).

## ALLEGATION OF FORFEITURE

1. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 29, United States Code, Section 501(c) set forth in Count 1 of this Indictment, the defendant, POUTOA TUIOLEMOTU, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment of forfeiture in the amount of $17,250.51, representing proceeds of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

//
//

1  the United States of America shall be entitled to forfeiture of substitute property pursuant
2  to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States
3  Code, Section 2461(c).
4      All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

DATED:_____

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*
FOREPERSON

JENNY A. DURKAN
United States Attorney

ANDREW C. FRIEDMAN
Assistant United States Attorney

DARWIN P. ROBERTS
Assistant United States Attorney

INDICTMENT/TUIOLEMOTU - 3